RECEIVED
IN ALEXANDRIA, LA
DEC - 8 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CLARENCE D. LEWIS<br>La. DOC #123525<br>VS.<br>WARDEN, SOUTH LOUISIANA<br>CORRECTIONS CENTER | NO. 6:08-mc-0047<br><br>JUDGE TRIMBLE |

## MEMORANDUM RULING

Clarence D. Lewis, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, is currently incarcerated at the South Louisiana Corrections Center, Basile, Louisiana. On November 21, 2008 Lewis submitted a *pro se* petition for writ of *habeas corpus* to the Clerk of Court. Lewis attacks the constitutionality of his August 21, 2008 misdemeanor convictions for simple battery and domestic abuse in the City Court of Opelousas.

Based upon his history of filing numerous frivolous civil rights complaints and successive and abusive petitions for *habeas corpus*, Lewis was sanctioned by the Court and prohibited from filing any lawsuits pursuant to 42 U.S.C. §1983 or 28 U.S.C. §2254 without prior approval from the undersigned. See *Lewis v. Rogers, et al*, No. 2:02-cv-1795; *Lewis v. Stalder, et al.*, No. 2:02-cv-1800, *Lewis v. Rogers, et al*, No. 2:03-cv-0064.

The misdemeanor convictions that are attacked herein occurred on August 21, 2008 – after the imposition of the sanction order. Given the recent date of the complained of convictions, it does not appear that this particular petition is successive. Nevertheless, all sanction orders previously imposed by this Court remain in effect. Lewis has not sought prior approval from the undersigned and therefore, his petition is subject to rejection and dismissal on

that ground alone. Furthermore, to the extent that Lewis may request permission to file his petition, such permission would and should be denied for the following reasons:

Lewis was sentenced to serve 45-days as a result of his convictions. By his own admission he has completed that sentence and is no longer in custody with respect to those convictions. [see rec. doc. 1, ¶17] This Court may entertain a petition for writ of *habeas corpus* filed by a state prisoner only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). This "in custody" requirement is met if at the time the petition is filed, the petitioner is (1) in custody pursuant to the conviction he is attacking, or (2) in custody pursuant to another conviction that is positively and demonstrably related to the conviction that he is attacking. *Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir.1985). Since Lewis is no longer "in custody" he is not entitled to *habeas corpus* relief.[1] Additionally, and in the alternative, even if Lewis could demonstrate that he is "in custody" and thus eligible to seek *habeas corpus* relief in this Court, his claims would be subject to dismissal because, by his own admission, he did not fairly present his claims to the Louisiana Supreme Court and therefore he has not satisfied the statutory and jurisprudential requirement that he exhaust all available state court remedies before proceeding in federal court.[2]

Therefore, inasmuch as Lewis did not seek or obtain court approval prior to filing the instant petition, and, for the additional reasons set forth above,

**IT IS ORDERED** that the petition for writ of *habeas corpus* (28 U.S.C. §2254) submitted herein on November 21, 2008 be **DISMISSED.**

**ALL PREVIOUS SANCTION ORDERS REMAIN IN EFFECT.**

In Chambers, Lake Charles, Louisiana _December 8_, 2008.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Lewis is no longer in custody pursuant to the misdemeanor convictions he now attacks. Indeed, it appears that he is in custody because his parole was revoked by the Louisiana Parole Board. Nevertheless, Lewis implies that the misdemeanor convictions provided the grounds for revocation of his parole. In such a case, Lewis may be able to satisfy the "in custody" requirement of §2254. *Brattain v. Cockrell*, 281 F.3d 1279 (5th Cir. 2001). However, neither the petition nor its accompanying exhibits affirmatively demonstrate that the City Court misdemeanor convictions caused the revocation of Lewis's parole.

Further, *habeas* relief would be unavailable if Lewis's misdemeanor convictions are no longer open to direct or collateral attack because Lewis failed to pursue those remedies while they were available, or because he did so unsuccessfully. In such circumstances, the misdemeanor convictions would be regarded as conclusively valid. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403, 121 S.Ct. 1567, 1574, 149 L.Ed.2d 608 (2001). According to the petition, Lewis was unsuccessful in obtaining either direct review or post-conviction relief and therefore, in the absence of evidence to the contrary, it must be presumed that his misdemeanor convictions are valid.

[2] See 28 U.S.C. § 2254(b)(1)(A) – "An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State...." Further, § 2254(c) provides that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Exhaustion of available state court remedies is a "fundamental prerequisite" to federal *habeas* relief; this prerequisite must be satisfied before a state prisoner may collaterally attack his state court conviction in a federal court pursuant to 28 U.S.C. §2254. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), citing *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In order to satisfy the exhaustion requirement, a petitioner proceeding under §2254 must fairly present the substance of his claims for relief to the highest state court in a procedurally proper manner so that the state's courts are given a fair opportunity to consider his challenges before those issues come to federal court for *habeas corpus* review. *O' Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844 (citing *Rose v. Lundy*, 455 U.S. 509, 515-516, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) and *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950).). Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."*Id.* Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. See *Orman v. Cain*, 228 F.3d 616, 620 & n. 6 (5th Cir.2000). Further, exhaustion is not completed unless the prisoner has presented his claims to the State's highest court, even if review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 844 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Louisiana's highest court is the Louisiana Supreme Court. LSA Const. Art. 5, §5(a) provides in pertinent part, 'The supreme court has general supervisory jurisdiction over all other courts."Thus, a complete round of Louisiana's established appellate review process includes an application for writs in the Louisiana Supreme Court. See Supreme Court Rule X.

By his own admission petitioner did not seek discretionary review of his misdemeanor convictions in the Louisiana Supreme Court.